JUSTICE LEAPHART,
dissenting.
¶28 I dissent. The decree, as modified, required Melvin to pay 58% of the children’s medical, dental, orthodontic, optical, hospital and other medical related expenses not paid by insurance. Here, the insurance company refused coverage for Hayley’s treatment at the Anasazi Foundation. Obviously the lack of insurance coverage does not mean that the treatment is not medically related. A contrary holding would nullify the entire provision requiring payment of expenses not paid *318 by insurance. Rather, “medical[ly] related” has to be interpreted in the context of the parties’ intent and practice. Melvin agreed that Hayley, like her brother, had behavioral problems. Furthermore, Melvin had previously paid for similar behavioral treatment for his son at the Anasazi Foundation. Given this history, and the fact that a pediatrician had referred Hayley to Anasazi, the treatment in question was clearly medically “related” as contemplated by the parties in their decree. Pursuant to Rule 52(a), M.R.Civ.P., I would reverse for the reason that the District Court misapprehended the effect of the evidence.
JUSTICE NELSON j oins in Justice Leaphart’s foregoing dissent.